UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SILVIA FITZGERALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 1005 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| COUNTY OF COOK, ) | |
| PHILIP LAPUMA, and ) | |
| KEVIN SUCHOKI, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

After plaintiff Silvia Fitzgerald ("Fitzgerald") was handcuffed during an arrest, she filed this case, in which she seeks relief under § 1983 against defendant Cook County and two individual officers, defendants Philip Lapuma ("Lapuma") and Kevin Suchoki ("Suchoki"). Defendants move to dismiss. For the reasons set forth below, the Court grants the motion to dismiss.

**I.  BACKGROUND**

The following facts are from plaintiff's complaint, and the Court takes them as true for purposes of this motion.

On March 15, 2020, at approximately 3:45 p.m., defendants Lapuma and Suchocki, both Cook County Sheriff's officers, placed plaintiff in custodial arrest. Those two officers "handcuffed Plaintiff's wrists together excessively tight and failed to double lock the handcuffs." (Complt. ¶¶ 16, 17). Plaintiff alleges that the act of putting her in handcuffs constituted "extreme and outrageous behavior" that was "intended to inflict severe emotional distress[.]" (Complt. ¶¶

20-21, 25-26).  Plaintiff alleges that the officers knew or should have known their conduct would cause plaintiff severe emotional distress and that, in fact, it did.  (Complt. ¶¶ 21-22, 27-28).

Based on these allegations, plaintiff seeks relief under § 1983 for excessive force (Count III against Lapuma and Count IV against Suchoki).  In Counts V (against Lapuma) and VI (against Suchoki), plaintiff seeks relief against the officers in their official capacities, alleging that Cook County had a "policy, procedure and de facto custom" that deprived plaintiff of her constitutional rights.  (Complt. ¶¶ 51, 59).  Plaintiff also asserts claims for intentional infliction of emotional distress (Count I against Lapuma, Count II against Suchoki).  Finally, in Counts VII and VIII, plaintiff seeks to hold defendant Cook County liable for, respectively, Lapuma's and Suchoki's actions.

## II.  STANDARD ON A MOTION TO DISMISS

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice.  *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680 & 681 (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

### III. DISCUSSION

#### A. Plaintiff's claims for relief under § 1983

##### 1. Excessive force

In Counts III and IV, plaintiff asserts that she was subjected to excessive force when the defendant officers placed her in handcuffs that were excessively tight.

A "claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard." *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014). Objective reasonableness is a pure question of law. *Scott v. Harris*, 550 U.S. 372, 381 n. 8 (2007) ("the reasonableness of [defendant's] actions . . . is a pure question of law."); *Phillips v. Community Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012) ("Objective reasonableness of force is a legal determination rather than a pure question of fact for the jury to decide. We defer to a jury's determination of what occurred during an arrest or whose testimony is credible. But . . . we must independently review the jury's interpretation of what is reasonable under the Fourth Amendment.").

The Seventh Circuit has "recognized valid excessive force claims based on overly tight handcuffs[.]" *Tibbs v. City of Chi.*, 469 F.3d 661, 666 (7th Cir. 2006). An "officer may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury on an individual who presents little or no risk of flight or threat of injury." *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009). "The question, however, is whether the officer knows that he is inflicting such pain." *Rooni v. Biser*, 742 F.3d 737, 742 (7th Cir. 2014). It does not constitute excessive force that an arrestee experiences some pain from handcuffs where the arrestee does not make known to the officer the degree of pain or injury. *Tibbs*, 469 F.3d at 665-66 (affirming summary judgment to defendants, explaining "Tibbs bases his excessive use of force claim entirely on his allegation that he complained to [defendant] that his handcuffs were too tight and [defendant] refused to loosen them. . . . Tibbs likely suffered some discomfort and pain from handcuffs that [defendant] applied somewhat too tightly; Tibbs complained to [defendant] once about his handcuffs without elaborating on any injury, numbness, or degree of pain[.]"). A "reasonable officer cannot be expected to accommodate an injury that is not apparent or that otherwise has not been made known to him." *Stainback*, 569 F.3d at 773.

Here, plaintiff has alleged the handcuffs were excessively tight, but she has not alleged that she was in pain or that the officers had any reason to know she was in pain. Without such allegations, she has not stated a plausible claim. In response to the defendants' motion to dismiss, plaintiff states that she was in pain and told defendants so. She is free to include such allegations in an amended complaint.

Counts III and IV are dismissed without prejudice.

      **2.**    *Monell* **claims**

In Counts V and VI, plaintiff asserts claims against the defendant officers in their official capacities. Those claims are, in effect, claims against their employer, which, according to plaintiff's complaint, is Cook County. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

Accordingly, Counts V and VI are claims under *Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978), where the Supreme Court set out the circumstances under which a municipality could be liable under § 1983 for constitutional violations. A municipality cannot be held liable under § 1983 based on a *respondeat superior* theory. *Monell*, 436 U.S. at 691. Instead, a municipality can be liable only if the injury was the result of the municipality's policy or custom. *Monell*, 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Of course, there is no *Monell* liability without an underlying constitutional violation. *Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee.").

To state a claim under *Monell* in order to hold Cook County liable for the defendant officers' actions, plaintiff must include sufficient factual allegations to allow a court "to draw the reasonable inference that the City established a policy or practice" of restraining arrestees with handcuffs in a manner that constitutes excessive force. *See McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011). A plaintiff's conclusory allegations of such a custom or practice are

disregarded. *McCauley*, 671 F.3d at 617-18 (disregarding, as conclusory, plaintiff's allegations that the city "through its agents, employees and/or servants . . . at the level of official policy, practice, and custom . . . authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times . . . had interrelated *de facto* policies, practices, and customs.") (citing *Iqbal*, 129 S.Ct. at 1915).

Here, plaintiff's only allegations as to Cook County policies or practices are conclusory. Plaintiff alleges:

> At all times complained of herein, Defendant, County of Cook had in full force and effect a policy, procedure and de facto custom which amounted to a deprivation of Plaintiff's rights under 42 U.S.C. (1983) and the Fourteenth Amendment of the United States Constitution, as follows; Cook County failed to supervise and/or train its arresting officers to comply with handcuffing procedures as applied in this jurisdiction.

(Complt. ¶¶ 51, 59). Such conclusory allegations are disregarded and do not state a claim under *Monell*. Furthermore, plaintiff has not included sufficient factual allegations to state a claim for failure to train. "[I]nadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also Flores v. City of South Bend*, 997 F.3d 725, 733 (7th Cir. 2021) ("A municipality can be held liable under a theory of failure to train if it has actual knowledge of a pattern of criminally reckless conduct and there is an obvious need to provide training to avert harm, even if the prior acts have yet to result in tragedy."). Plaintiff has included no such allegations.

Plaintiff's *Monell* claims are dismissed without prejudice, both because plaintiff has failed to allege an underlying constitutional violation and because she has failed to allege the elements of a *Monell* claim.

6

B.    **Intentional infliction of emotional distress**

Next, plaintiff attempts to state claims against the defendant officers for intentional infliction of emotional distress.

Under Illinois law, the elements of intentional infliction of emotional distress are: (1) "conduct" that is "truly extreme and outrageous;" (2) by an actor who "either intends that his conduct inflict severe emotional distress or knows that there is at least a high probability that his conduct will cause severe emotional distress;" and (3) such conduct actually "cause[d] severe emotional distress." *Schweihs v. Chase Home Finance, LLC*, 77 N.E.3d 50, 63 (Ill. 2016). "It is clear that the tort 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Schweihs*, 77 N.E.3d at 63 (quoting Restatement (Second) of Torts § 46). Rather, liability requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community." *Schweihs*, 77 N.E.3d at 63 (quoting Restatement (Second) of Torts § 46). The application of tight handcuffs alone does not state a claim for intentional infliction of emotional distress. *See Romando v. City of Naperville*, Case No. 20 C 2701, 2021 WL 1853304 at *4 (N.D. Ill. May 10, 2021) (dismissing claim for intentional infliction of emotional distress where plaintiff had alleged "that the Officers put the handcuffs on her too tight, ignored her pleas to be allowed to provide proof of insurance, and placed her in the back seat of the police car, where she defecated on herself.").

Here, most of plaintiff's allegations as to her emotional distress claim are legal conclusions and, as such, are disregarded. Her only factual allegation is that the officers placed her into excessively tight handcuffs. That allegation does not suffice. She has alleged no

7

conduct that supports a claim for intentional infliction of emotional distress. Counts I and II are dismissed without prejudice.

### C. Respondeat superior

Finally, in Counts VII and VIII, plaintiff seeks to hold defendant Cook County liable for the actions of the defendant officers. Because plaintiff has not stated a claim against the defendant officers, these claims, too, necessarily fail. They are dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court grants defendants' motion [22] to dismiss. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted 28 days in which to file an amended complaint, if she so chooses. If she does not, this case will be dismissed with prejudice.

**SO ORDERED.**                                **ENTERED: September 23, 2022**

                                                                  **HON. JORGE ALONSO**
                                                                  **United States District Judge**